Solomon Boneparth, J.
Trial before the court without a jury. Findings and conclusions were waived. Neither of the defendant banks appeared at the trial. The plaintiff’s ease was contested upon the trial, only by defendant, Zabel.
Plaintiff is the father of the defendant Zabel and two sons. Plaintiff’s wife, the mother of these three children, died in October, 1955. Some time after the death of his wife, plaintiff remarried. His children did not approve of his remarriage. Shortly after his remarriage, plaintiff indicated that he was not getting along with his second wife.
In December, 1956 plaintiff had a conversation with his daughter, Irene Zabel, with reference to his bank accounts. He testified that he told her he wanted to transfer his funds into her name in trust for himself and that he was to receive the funds back from her on demand, to which she agreed.
His daughter, Irene Zabel, testified that the plaintiff told her he was transferring his money to her name as a gift to her and her two brothers, to be divided when the accounts reached the sum of $15,000.
On January 4 and 11, 1957 plaintiff went to the City Savings & Loan Association, alone, and deposited (by transfer of other bank accounts) the sum of $10,000 in the name of Irene Zabel, in trust for James I. Hodgins.
Similar transfers resulted in a deposit by plaintiff in the Queens County Federal Savings and Loan Association of Jamaica of the sum of $4,520.45, in the name of Irene Zabel, in trust for James I. Hodgins. (These two accounts amount to $14,520.45, something short of $15,000.)
The form of the deposits is not conclusive, both parties named in the account being still alive. And as between the persons named in the deposits, any presumption arising from the form of the deposit or account' may be overcome by proof, as to the true nature of the transaction. (Matter of Porianda, 256 N. Y. 423, 425; Matter of Bolin, 136 N. Y. 177, 180; Moskowitz v. Marrow, 251 N. Y. 380, 397; Morris v. Sheehan, 234 N. Y. 366.)
*486 Did these transactions constitute a gift, or were they deposited under the conditions testified to by the plaintiff?
The controller of the City Savings and Loan Association testified that when plaintiff consulted him at the bank about putting his money in his daughter’s name, in trust for himself, plaintiff was informed that it would be necessary, in that form of account, for his daughter to sign; and the controller further testified that plaintiff then said he wanted to do it that way because he felt he might do something foolish with his money.
One of plaintiff’s sons, called as a witness by defendant Zabel, testified that his father told him he was not getting along with his second wife and that he had put the money in the name of defendant Zabel “ to protect it.”
The following additional circumstances are deemed significant in connection with this issue.
About one month after the deposits, defendant Zabel drew from one of the trust accounts the sum of $2,450 and turned this over to the plaintiff, to enable him to buy a car. Defendant Zabel testified that this was part of the agreement reached in connection with the conversation about a gift.
Furthermore, the answer of defendant Zabel in the instant case was verified by the defendant Zabel on March 25, 1957 and her bill of particulars was verified on April 25, 1957 only several months before the trial. The notary in each case was one of her attorneys. Defendant Zabel testified as to the alleged gift.
Neither the answer nor the bill of particulars, verified by her, as above indicated, contains any allegation that these deposits were a gift to the three children, to be divided when the funds reached $15,000. The answer alleges “ That the sums of money given by the plaintiff to the defendant represents the shares of the defendant Irene Zabel and her two brothers in the estate of the said Irene Hodgins.” Although the answer, verified March 28, 1957, alleged that Irene Hodgins, the deceased mother, left personal property and money “in excess of $10,000,” the bill of particulars (verified April 25, 1957) reduced the sum to $5,995.
The conclusion follows that the plaintiff’s version of the conditions under which the deposits were made must be accepted.
Plaintiff demanded of his daughter, Irene Zabel,_ that the funds deposited, as aforesaid, be returned to him. This demand has not been complied with. Plaintiff is accordingly entitled to the return of the funds in question.
*487 Even if we accepted the testimony of defendant Zabel, to wit, that plaintiff made a gift to the three children, to he divided or paid when the funds reached $15,000, that defense is insufficient. As a gift to take effect in the future, it was a nullity.
In Matter of Green (247 App. Div. 540) the court said at pages 543-544: “ There is ample evidence to justify a finding that the decedent desired and intended to eventually make Mr. Hall a present of this money. But a mere intention to make a gift, no matter how clearly it may be expressed, which has not been carried into effect, amounts to nothing, and confers no rights upon the intended beneficiary. * * * To establish a valid gift, it must appear that there was a delivery of the property to the donee with an intent upon the part of the donor to immediately divest himself of all title and right thereto, and the evidence must be inconsistent with any other design on his part. * * * A gift to take effect in the future is void as a promise without consideration. [Cases cited.] ” (See, also, Matter of McCarthy, 164 Misc. 719, 722, 723.)
There is one further question, raised by the answer, and by some of the testimony offered on behalf of the defendant, which must be disposed of.
As heretofore indicated, the principal claim of defendant on the trial was that the plaintiff put the funds in the form of a trust account, with the alleged intent of making a gift to his children.
Nevertheless, the verified answer and bill of particulars of defendant Zabel herein alleged that part of the funds deposited were the property of Irene Hodgins, deceased, and the answer asked that this court “ distribute the moneys to the heirs of the deceased Irene Hodgins in accordance with the laws of intestacy in the State of New York ”.
The question as to whether any part of these funds were the property of the deceased, Irene Hodgins, or not, cannot he determined in this action, and that issue has not been determined herein.
If the answer of defendant, Zabel, be considered as containing a counterclaim on her behalf (although not so denominated) for her share of the alleged estate, the pleadings and proof are insufficient.
Section 146 of the Decedent Estate Law, which provides for an action to recover a legacy or distributive share, requires allegation and proof, among other matters, that an administrator has been appointed, that seven months have elapsed since letters were issued and that the administrator has refused, upon demand, to pay the legacy or distributive share. (5 Warren’s *488 Heaton on Surrogates’ Courts, § 495, par. 8.) There was neither proof nor allegation as to those matters.
Furthermore, there is no proof that any administrator has been appointed. And if the plaintiff has been appointed administrator, he is not a party herein in such representative capacity. Section 140 of the Decedent Estate Law requires that an action by or against an administrator must name him as a party, in his representative capacity. The administrator, in his representative capacity, is in law, a person distinct from the individual. (Carmody-Wait on New York Practice, Vol. 3, p. 114; Vol. 20, p. 228; Leonard v. Pierce, 182 N. Y. 431, 432, 435.) The sole authority for the collection of the assets of a decedent resides in the executor or administrator of the estate of such decedent. (Matter of Campbell, 180 Misc. 849, 850.)
In the absence of an administrator of Irene Hodgins, and the absence, also, of her two sons, as parties to this proceeding, no finding by this court as to whether the plaintiff was indebted to the estate or not would be binding.
Accordingly, this question cannot be passed on in this action.
Judgment is therefore rendered in favor of the plaintiff.
Submit form of judgment on five days’ notice of settlement by mail to all attorneys appearing.