MR. JUSTICE HARRISON,
dissenting:
I dissent. This Court found valid Totten Trusts in State Board of Equalization v. Cole (1948), 122 Mont. 9, 195 P.2d 989. in Cole, supra, the state tried to impose inheritance taxes upon assets in the decedent’s joint savings accounts, and series “G” United States Savings Bonds held in joint names. This Court found the assets in the joint bank accounts transferred to the co-depositor not subject to tax, however the bonds were subject to the tax. The funds in the joint bank accounts transferred as inter vivos gifts because delivery, intent and acceptance occurred during the decedent’s lifetime. Intent is established by signing a signature card containing an agreement that the deposit was payable to either of the co-depositors. This Court reasoned that joint bank accounts vest an inter vivos gift because of the co-depositor’s right to withdraw funds at any time. The bonds failed to transfer as inter vivos gifts because even though the bonds were payable to the decedent or another party, delivery never occurred because she exercised complete control over them. She kept them in a safety deposit box and “none of the alternate payees ever had access to this safety deposit box or even attempted to exercise control over the bonds.” 122 Mont, at 21, 195 P.2d at 995, 996.
In Casagranda v. Donahue (1978), 178 Mont. 479, 585 P.2d 1286, we found joint bank accounts again to be joint tenancy of the funds with right of survivorship. Funds in the accounts became individual property of surviving depositor and are not part of the estate. In Casagranda, *248 supra, the decedent established joint savings accounts with the respondent. The executrix of the estate sought to quiet title on the joint bank accounts and included those funds in the estate. We cited Cole, supra, saying “the signing of the signature card payable to either of the co-depositors or the survivor, settles the question of donative intent to make a joint tenancy.” 178 Mont, at 483, 585 P.2d at 1288. Those deposits passed to the co-depositor by right of survivorship. In both Cole and Casagranda, the surviving co-depositors signed the signature cards along with the decedents.
In Anderson v. Baker (1982), 196 Mont. 494, 641 P.2d 1035, this Court again used gift theory analysis to “hold that where, as here, a depositor during his or her lifetime raises the issue of ownership of funds in a joint tenancy account, the statements on the signature card are not conclusive and additional evidence may be examined to ascertain the true intent of the parties.” 196 Mont, at 500, 641 P.2d at 1038. Anderson, supra, involved a decedent who during her lifetime established a joint savings account and C.D.’s with the respondent. Just prior to her death, she sought to regain exclusive control over the accounts, by commencing action for the return of her passbook on the savings account and the C.D.s for the removal of the respondent’s name. We held that the filing of the action to regain exclusive control of the accounts during the decedent’s lifetime, cut off the respondent’s right of survivorship. Therefore, the deposits were part of the estate.
In the instant case, Ella Patten established several joint accounts but refused to relinquish control over these deposits. She never sought signatures from the respondent, nor informed him of the existence of these joint accounts. She remained secretive of all of her financial dealings.
I distinguish the instant case from Cole and Casagranda for the following reasons: in both Cole and Casagranda, all parties executed signatures on the signature cards; and all of the depositors listed on the accounts knew of the existence of the accounts and could withdraw any and all of the *249 deposits at any time. In the instant case, respondent did not sign the signature card. The lack of knowledge of these accounts precluded any withdrawal by respondent from the accounts. I would hold that these joint accounts failed to create a joint tenancy of the funds because Ella Patten failed to make a valid inter vivos joint tenancy account Tot-ten Trust. Therefore, the funds withdrawn by respondent out of the account are part of the estate and not individual property.
Respondent contends that the agreement between the bank and Ella Patten made him a third party beneficiary. Respondent cites Ludwig v. Montana Bank and Trust Co. (1939), 109 Mont. 477, 98 P.2d 379, for the proposition that a contract between the bank and joint depositors creates a power to draw upon the funds by either depositors and that the bank must honor this contract. This power remains valid even after the death of a co-depositor. While this power to draw existed in Ludwig, supra, because both depositors signed the signature card and had access to the account, it did not exist in the instant case. Respondent’s power to withdraw these funds never existed during Ella Patten’s lifetime. She effectively precluded that by withholding information from respondent about the existence of these accounts, the possibility of control can not occur without knowledge. Respondent asserts this is a clear case of a third party beneficiary contract. However, Ella Patten never demonstrated or presented intentions to create a third party beneficiary contract for Donald. She demonstrated only an intended future interest in the accounts and not a present interest. This makes the transaction testamentary in nature.
Respondent contends Seavey v. Fanning (Ind. 1975), [263, Ind. 414,] 333 N.E.2d 80, represents a better approach to resolving the validity of Totten Trusts. The Indiana Supreme Court found valid survivorship rights in C.D.s, that the decedent (Fanning) established in her name and the name of another person (Seavey), in joint tenancy with the *250 right of survivorship. Fanning controlled the C.D.s in a lock box without informing Seavey of their existence. The Indiana Court applied third Malek, party beneficiary theory to establish Seavey’s right to collect the proceeds from the C.D.s. This theory avoids the problem of the delivery requirement of gift theory. It retains the intent requirement but presumes delivery even if the beneficiary lacks any knowledge of joint accounts. The court found “a gift in praesenti of a contingent contractual right.” I reject this rationale and believe gift theory is the proper approach to take.
Respondent asserts under gift theory, Ella Patten properly created joint tenancies with right of survivorship. He contends the signature card settled the issue of intention. Delivery occurred by the creation of the written agreement to establish joint accounts, acceptance can be presumed.
I agree that signing a signature card creates the presumption of intent. “Cole stood for the proposition that, in Montana, signing a signature card containing an agreement that the deposit is payable to either of the co-depositors or survivors settles the question of donative intent to make a joint tenancy.” Anderson, 196 Mont. 494 at 499, 641 P.2d at 1038. Casagranda, 178 Mont, at 483, 585 P.2d at 1288. Respondent claims Ella Patten completed delivery by the written agreement (the signature card). I disagree.
In Anderson this Court said:
“We are also mindful that the signature cards are forms containing language drafted by the depository institution. While the language thereon may very well describe agreements between the depositor and the depository, it can hardly be expected to accurately express the intentions and relationships between the joint tenants about which the depository typically has little, if any, knowledge.”
Anderson, 196 Mont, at 501, 502, 641 P.2d at 1038.
Respondent contends the agreement created a co-equal right to control over the deposit. He cites, “[t]he actual gift made is not the money in the bank but the gift of the co *251 equal right with the donor to exercise control over the depositor.” Cole, supra. While it remains true in most instances that joint accounts create co-equal rights in the depositors to exercise control over the deposits, such is not true in the instant case. Ella Patten completely precluded Donald Patten from exercising any control over the joint accounts, prior to her death. She “refused to obtain a signature” of his for the signature cards. She never disclosed to him the existence of these accounts. Without a present right to control the deposit there is no delivery. This right to control must be exercisable and not hypothetical.
I would reverse and remand to the District Court for entry of judgment for appellant/plaintiff for the sum of $76,487.16 plus interest.