MR. JUSTICE MORRISON,
dissenting:
I respectfully dissent from what I find to be a bewildering rationale in the majority opinion.
In stating the facts, the majority notes:
“Through one of several executions, the University levied against the joint savings account of Mark Coe at the First Bank-Western Montana, Missoula.”
With little explanation, the majority concludes its opinion by finding that the account is not a joint account, but rather a tenancy in *241 common. Apparently, the majority’s conclusion rests upon the fact that the signature card did not contain a clear designation of ownership, nor was there a reference to survivorship; therefore, the Court deems the funds in the account to be held by the account designees as tenants in common rather than joint tenants.
This is a case of first impression in Montana. In Casagranda v. Donahue (1978), 178 Mont. 479, 585 P.2d 1286, relying on State Board of Equalization v. Cole (1948), 122 Mont. 9, 195 P.2d 989, this Court held that where depositors sign a signature card containing an agreement that the deposit is payable to one of the co-depositors or the survivor, the question of donative intent is settled and the funds in the account are a joint tenancy. However, in both Casagranda and Cole, one of the people whose names appeared on the signature card had died. This Court made an exception to that rule in Anderson v. Baker (1981), 196 Mont. 494, 641 P.2d 1035. In Anderson, the donor/depositor attempted in her lifetime to divest the alleged joint tenant of any interest in the account. This Court held that the donor/depositor had exclusive ownership of the funds in the joint account and that the signature card was not conclusive under Montana law. The distinguishing feature from Casagranda and Cole was that the donor-depositor was alive and donative intent was ascertainable.
In the case at bar, there is no agreement for these funds to be owned in any certain manner. Therefore, the question of ownership must remain open.
The unrefuted facts in this case show that the funds in the account were owned by Tammerly Coe and Jordan Coe. Mark Coe, under facts which are not contested, had no ownership in the funds.
It should be noted that a bank account itself can be held in a different ownership than the funds deposited in the account. Two lawyers may have a joint account as partners and deposit a client’s money in the account. Those monies do not automatically become the property of the named account owners. It is true that, as between the bank and the depositors, the bank is without liability when it releases funds to those named on the account. However, if the funds in the account belong to another, the account owners must hold the money in trust for the rightful owners.
In O’Hair v. O’Hair (1973), 109 Ariz. 236, 508 P.2d 66, the Arizona court dealt with a similar question. Under the facts of that case, the court was involved in determining ownership of $150,000 deposited *242 by husband in husband and wife’s joint bank account. The court stated:
“While as between the bank and the depositor the contract of deposit is conclusive, the mere form of the bank account is not regarded as sufficient to establish the intent of the depositor to give another a joint interest in or ownership of the deposit. Bolton v. Bolton, 306 Ill. 473, 138 .E. 158 (1923); Ball v. Forbes, 314 Mass. 200, 49 N.E.2d 898 (1943); Hodgins v. Zabel, 7 Misc.2d 484, 166 N.Y.S.2d 135 (S.Ct. 1957); Industrial Trust Co. v. Taylor, 69 R.I. 62, 30 A.2d 853 (1943). As the court said in Cashman v. Mason, 72 F.Supp. 487, 492 (D.Minn. 1947):
“ ‘Joint accounts are a common method of handling funds in a bank as between husband and wife and others for mutual convenience and economy, but without necessarily intending to bestow any present interest in the fund on the one who is joined for the convenience of the owner of the moneys deposited.’
“ ‘(T)he intention of the depositor is controlling.’ McNabb v. Fisher, supra, 38 Ariz. [288] at 295, 299 P. [679] at 681 [1931].” 508 P.2d at 68.
Unfortunately, the precedent of this case is incredibly far-reaching and will effectuate absurd results. Despite actual evidence of ownership including the intent of depositors, funds in a bank account are joint tenancy funds if the account provides for survivorship and tenancy in common funds if the account is silent as to survivorship. Under the authority of this case, the ownership of all funds will be automatically transferred to reflect the ownership designated on the account itself.
Although the majority opinion is not clear as to what disposition occurred in the District Court, the fact is that the District Court allowed execution upon all of the funds in the joint bank account. I would reverse and remand with directions to dismiss.