No. 85-236

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

STATE OF MONTANA,

        Plaintiff and Appellant,

-vs-

DENNIS R. HAACK,

        Defendant and Respondent.

_____

APPEAL FROM: District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Mark J. Murphy argued, Asst. Atty. General, Helena
        John R. Frederick, County Attorney, Polson, Montana

    For Respondent:

        Brian J. Smith argued; Manley & Smith, Polson,
        Montana

_____

Submitted: December 18, 1985

Decided: February 7, 1986

Filed: FEB 7 1986

*Clerk*

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The respondent, Dennis Haack, was charged with ten counts of theft for purposely or knowingly obtaining or exerting unauthorized control over property of the owner consisting of funds in a joint checking account. The respondent filed a motion to dismiss on the grounds that he was a joint owner in the joint checking account and authorized to withdraw funds from the account. The District Court found as a matter of law the respondent could not be convicted of the crime of theft for withdrawing funds from a joint tenancy bank account and granted the respondent's motion to dismiss. The appellant, State of Montana, appeals from the granting of that motion.

We affirm.

The issue presented for review is whether, under the facts presented in this case, the District Court erred in ruling as a matter of law that there can be no conviction for the crime of theft when an individual withdraws funds from a joint tenancy checking account if that individual is a joint tenant in that account.

Because this matter is presented on appeal from the granting of a motion to dismiss, few facts have been presented in District Court. The record consists of the charging documents and the parties' briefs pertaining to the motion to dismiss.

The record and the arguments on appeal show that the respondent, Dennis Haack, contracted with homeowners, George and Lois Carey, to construct a house for them. The Careys deposited a total of $30,000 in a joint checking account in

which the respondent and George Carey were joint tenants authorized to draw from the account. The account contained the total funds for construction to completion and, evidently, included the respondent's potential profit also.

Construction commenced and the respondent began drawing from the account. The charging documents allege that checks totaling in excess of $10,000 were drawn by the respondent for personal unauthorized purposes. Although the reason why is not clear, Careys requested that construction be halted. The reason may be that they had notice of the respondent's withdrawals. The Careys withdrew the remaining funds in the account and determined that the balance was less than should be in the account at that time.

The respondent was then charged by information with ten counts of theft for writing checks on the joint account. The respondent successfully moved to dismiss the charges. The District Court found as a matter of law that the respondent could not be convicted of the crime of theft because he was a joint tenant in the account.

The appellant, State of Montana, argues that § 45-6-303, MCA, makes it perfectly clear that a joint tenant may be convicted of theft of joint tenancy property. Section 45-6-303, MCA, provides that it is no defense to a charge of theft of property that the offender has an interest therein when the owner also has an interest to which the offender is not entitled. The appellant argues that if this Court finds any ambiguity in § 45-6-303, MCA, it is immediately cleared up when the legislative comment to that code section is considered. The legislative comment contained in § 45-6-303, MCA, (annot.), states that the provision removes any doubt regarding the commission of theft by a co-owner who exercises

unauthorized control with the purpose to permanently deprive a co-owner of his interest in the property.

The respondent, Dennis Haack, argues that a joint tenancy bank account gives to both joint tenants the authority to exert control over the property placed in that account without further consent by any other person and that, therefore, a person cannot be convicted of theft as a result of withdrawing funds from a joint tenancy bank account. The respondent refers to several Montana cases for the proposition that a special interest is created by a joint bank account. He argues that such precludes a finding that he could have "exerted unauthorized control over the property of an owner" and, therefore, he could not be convicted of theft. He argues that it is abundantly clear that either joint tenant may withdraw all funds from a joint tenancy bank account without the consent of any other person because both joint tenants have the authority to exert absolute control over all the funds placed in such an account. The respondent recognizes § 45-6-303(1), MCA, relied on heavily by the appellant, but argues that it is not applicable because the owner had no "interest to which the offender is not entitled."

We are solely concerned with whether, as a matter of law, a joint tenant may not be convicted of the crime of theft for drawing funds from a joint tenancy checking account. A joint tenancy bank account is a special relationship between co-owners. It is a relationship that may create an equal unrestricted and absolute interest in such co-owners with neither co-owner having an interest to which the other is not entitled. A statutory example of the

law on joint bank accounts or similar joint ownership arrangements is contained in § 32-1-442, MCA, which provides:

> 32-1-442. Joint deposits--survivorship. (1) When a deposit has been made . . . in the names of two or more persons, payable to either . . . such deposit, or any part thereof . . . may be paid to any of said persons . . ..

There are a number of cases in Montana on the nature of joint bank accounts. In Casgranda v. Donahue (1978), 178 Mont. 479, 585 P.2d 1286, this Court said:

> A joint bank account has a special attribute which allows either joint owner, by virtue of the contract with the bank, to acquire dominion over the entire account by drawing a proper order on the bank. . . [e]ither party can acquire the whole account either by withdrawing it during the lifetime of the co-owners or by survivorship. Casagranda, 585 P.2d at 1288.

> A review of the applicable criminal statutes demonstrates that there can be no theft of joint tenancy bank account property.

> Theft is defined in § 45-6-301, MCA, as:

> 45-6-301. Theft. (1) A person commits the offense of theft when he purposely or knowingly obtains or exerts unauthorized control over the property of the owner and:
> (a) has the purpose of depriving the owner of the property;
> (b) purposely or knowingly uses, conceals, or abandons the property in such manner as to deprive the owner of the property; or
> (c) uses, conceals, or abandons the property knowing such use, concealment, or abandonment probably will deprive the owner of the property.
> (2) . . . .

The Montana statutes have a provision concerning an offender's interest in the property. Section 45-6-303, MCA, provides:

> 45-6-303. Offender's interest in the property. (1) It is no defense to a charge of theft of property that the offender has an interest therein when the owner also has an interest to which the offender is not entitled.
> (2) . . . .

The Criminal Law Commission Comments state in regards to subsection (1) of § 45-6-303, MCA:

The provision removes any doubt regarding the commission of theft by a co-owner, such as a partner, joint tenant or tenant in common, or any other type of co-owner who exercises unauthorized control with the purpose to permanently deprive a co-owner of his interest in the property. Section 45-6-303, MCA (annot.).

The respondent presents the stronger argument. Statutes and case law demonstrate that a joint tenancy bank account is indeed a special relationship between co-owners. This special relationship precludes application of the theft laws. For example § 45-6-303, MCA, on the offender's interest in property requires the owner to have "an interest to which the offender is not entitled," and the comments to this section, § 45-6-303, MCA, (annot.), require "unauthorized control." The special relationship between co-owners in a joint tenancy bank account cannot have any "unauthorized control" or "interest to which offender is not entitled" by a joint tenant.

Affirmed.

Justice

We Concur:

Chief Justice

- 6 -

Mr. Justice L. C. Gulbrandson dissenting:

I respectfully dissent.

In my view, the last sentence of the majority opinion would be legally sound if an additional written contract did not exist between the two named joint tenants. The majority refer to the contract, but, in effect, rule that as a matter of law the contents of that contract can have no legal criminal effect on the use of the funds in the joint tenants' bank account.

I would allow the State to prove, if it is able, that the defendant, by the terms of his contract, was not authorized to exercise control over the joint tenancy funds in the manner which he did. This manner of proceeding would recognize that the legislature had a legitimate reason for enacting § 45-6-303, MCA.

_____
Justice

Mr. Justice Fred J. Weber joins in the foregoing dissent of Mr. Justice L. C. Gulbrandson.

_____
Justice

7