No. 93-526

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

      Plaintiff and Respondent,

v.

RONALD L. KUNTZ,

      Defendant and Appellant.

FILED

JUN - 7 1994

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Twentieth Judicial District,
                  In and for the County of Sanders,
                  The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            John C. Schulte, Attorney at Law,
            Missoula, Montana

      For Respondent:

            Hon. Joseph P. Mazurek, Attorney General,
            Kathy Seeley, Assistant Attorney General,
            Helena, Montana

            Robert Slomski, Sanders County Attorney,
            Thompson Falls, Montana

Submitted on Briefs:   April 28. 1994

Decided:   June 7, 1994

Filed:

_____
                 Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Defendant Ronald L. Kuntz, the managing partner of KMMC Investments, was charged by information in the District Court for the Twentieth Judicial District in Sanders County with six counts of felony theft in violation of § 45-6-301(1), MCA (1991). The District Court denied Kuntz's motions to dismiss and for reconsideration, after which Kuntz pled guilty to one count of felony theft in exchange for the State's dismissal of the remaining five counts. Pursuant to the plea agreement, Kuntz reserved the right to appeal the denial of his motions.

We affirm.

The issue on appeal is whether the District Court erred when it refused to dismiss the charges against Kuntz.

For purposes of deciding Kuntz's motion, the following facts, which were alleged in the charging documents, are assumed to be true. KMMC Investments Partnership, doing business as National Log Construction Company, was formed in 1985. Pursuant to the partnership agreement, Kuntz was named the managing partner of KMMC and was the only partner involved in the day-to-day operation of the business until the latter part of 1991. The agreement provided that all partnership funds would be deposited with the First State Bank of Montana in Thompson Falls. There was never an agreement by the partners to establish accounts at any other financial institution.

During the summer of 1991, the other partners became suspicious of Kuntz. They examined partnership records and

2

accounts and, over Kuntz's objection, requested an audit which had been provided for in the partnership agreement.

It was eventually discovered that accounts had been established in a Seattle bank with Kuntz and his wife, the secretary/bookkeeper for the partnership, as authorized signatories. By transferring funds to these accounts, Kuntz and his wife diverted thousands of dollars of partnership funds for their personal use.

On February 16, 1993, Kuntz was charged with six counts of felony theft in violation of § 45-6-301(1), MCA (1991), for allegedly exerting unauthorized control over the partnership's property. Kuntz moved to dismiss these charges on the ground that, under existing Montana law, a partner cannot be held criminally liable for the theft of partnership property. Kuntz cited *State v. Brown* (1909), 38 Mont. 309, 315, 99 P. 954, 957, for the proposition that because partners are co-owners of partnership property, they cannot misappropriate what is already theirs.

On June 11, 1993, the District Court denied the motion to dismiss, and later denied a subsequent motion for reconsideration. Thereafter, Kuntz entered into a plea bargain agreement pursuant to which he pled guilty to one count of felony theft in violation of § 45-6-301(1)(c), MCA (1991), for exerting unauthorized control over cash in excess of $300 owned by KMMC. The plea was entered in exchange for the State's dismissal of the remaining five counts. The court deferred imposition of sentence for three years subject to several conditions.

The plea agreement also reserved Kuntz's right to appeal the denial of his motions. This appeal followed.

Did the District Court err when it refused to dismiss the charges against Kuntz?

When reviewing a District Court's conclusions of law, this Court determines whether the court's interpretation of the law was correct. *In re Marriage of Brownell* (Mont. 1993), 865 P.2d 307, 309, 50 St. Rep. 1714, 1715.

Kuntz contends that the required elements for felony theft cannot be proven in this instance because, as the managing partner of KMMC, he had actual authority to exert control over the property in question, and therefore, cannot be held criminally liable for the theft of partnership property. He asserts that *Brown*, 99 P. at 954, is the controlling law in Montana. In that case, this Court adopted the common law rule that a partner cannot be guilty of stealing partnership property because a partner's interest or ownership extends to every portion of the partnership property.

Kuntz further contends that Montana's adoption of the Uniform Partnership Act (UPA) in 1947 did not have the effect of overruling *Brown*. Although there is a UPA provision, codified in Montana at § 35-10-502(2), MCA (1991), which states that partnership property is to be used for partnership purposes unless the partners consent otherwise, he notes that other states have unsuccessfully attempted to base criminal liability on this provision. *See, e.g., People v. Clayton* (Colo. 1986), 728 P.2d 723; *State v. Birch* (Wash. Ct. App. 1984), 675 P.2d 246; *State v. Elsbury* (Nev. 1946), 175 P.2d 430. Furthermore,

4

although amendments were made to Montana's UPA in 1993 which make a partnership an entity from which assets could presumably be stolen by a partner, this change was not yet in effect at the time charges were filed against Kuntz.

We agree that § 35-10-502(2), MCA (1991), does not, by itself, create or define a crime. However, we hold that Montana has, through its criminal statutes enacted in 1973, abandoned the common law theory on which Kuntz relies.

The statute under which Kuntz was charged and convicted states that a person commits the offense of theft when he purposely or knowingly exerts unauthorized control over property of the owner and uses, conceals, or abandons it, knowing that this will probably deprive the owner of the property. Section 45-6-301(1)(c), MCA (1991). Section 45-6-303(1), MCA (1991), further states that "[i]t is no defense to a charge of theft of property that the offender has an interest therein when the owner also has an interest to which the offender is not entitled."

When this section was enacted and codified in 1973, the Criminal Law Commission Comments made clear that this provision removed any doubt about the criminal liability of a "co-owner, such as a partner . . . who exercises unauthorized control with the purpose to permanently deprive a co-owner of his interest in the property." The Commission Comments further clarify that Montana's theft statutes are consistent with the approach taken in the Model Penal Code which rejects the common law theory that a person with an interest in property cannot be held liable for theft of that

5

property. *See People v. Sobiek* (Cal. 1973), 30 Cal. App. 3d 458, *cert. denied* (1973), 414 U.S. 855 (American Law Institute and Model Penal Code reject rule that a partner cannot steal from a partnership.)

Kuntz contends that the language of § 45-6-303(1), MCA (1991), is inapplicable because it requires that an owner of property must have an interest to which the offender is "not entitled." It is his assertion that there can be no part of partnership property to which a partner is not "entitled."

We disagree with this assertion. Even though we previously stated that § 35-10-502(2), MCA (1991), of Montana's UPA does not create or define a crime, this section makes clear that a partner's property right only extends to a partner's use of that property for partnership purposes and that there is "no right to possess such property for any other purpose without the consent of the other partners." Therefore, even though Kuntz has an interest in KMMC's property, he was not entitled to divert property for personal use without the knowledge and consent of the other partners.

Kuntz urges this Court to adopt the same reasoning set forth in our previous decision of *State v. Haack* (1986), 220 Mont. 141, 713 P.2d 1001, where we held that § 45-6-303(1), MCA (1991), did not apply and a joint tenant of a bank account could not be charged with theft because there is no interest to which the joint tenant is not entitled. Unlike a joint tenancy, however, the laws governing property rights in partnership property do establish that a partner's entitlement to partnership property is limited. Therefore, our reasoning in *Haack* does not apply in this situation.

6

We conclude that our decision in *Brown* is superseded by the amendments to the Penal Code and Uniform Partnership Act we have discussed, and therefore, overrule *Brown*. We hold that under current Montana law a partner can be liable for theft of partnership property.

The decision of the District Court is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

7

June 7, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

John C. Schulte, Esq.
111 No. Higgins, Ste. 502
Missoula, MT  59802

Hon. Jospeh P. Mazurek, Attorney General
Kathy Seeley,  Assistant
Justice Bldg.
Helena, MT  59620

Robert Slomski
Sanders County Attorney
P.O. Box 519
Thompson Falls, MT  59873

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy