PETITION OF HENRY LLOYD SMYTH *et al.* FOR AN OPINION.

DECEMBER 14, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J. The parties hereto having adversary interests in a question of the construction of a trust deed have, as provided by Sec. 4953, G. L. 1923, concurred in stating such question for the opinion of this court.

By said deed the grantor, Raphael Pumpelly, conveyed all of his property in trust to three trustees. The deed directed that the income from the trust estate be paid to the grantor during his life and that upon his death the estate be divided into two funds to be known as "Fund A" and "Fund B"; "Fund A" to be composed of securities of the value of $900,000 and "Fund B" to comprise the remainder of the trust property. The deed further directed that one-fourth of the net income from "Fund B" be paid to the grantor's son, Raphael W. Pumpelly. The deed

provides that: "Both the trust funds hereby established and the income of each shall be entirely free from interference or control of any husband, wife, or creditor of any of the persons to whom the income of either fund is payable as above provided and their interest in said income shall not be subject to anticipation, assignment, or alienation, or be in any manner liable for or be taken for any debts, contracts, liabilities, or engagements of said persons or any of them, or be in any manner applied to the payment thereof." Notwithstanding this provision said Raphael W. Pumpelly, after the death of the father and the establishment of the two funds, executed to petitioner Gardner B. Perry a trust deed by which he directed that the income which he would thereafter be entitled to receive from "Fund B" be paid by the trustees thereof to said Perry in trust for the benefit of said Pumpelly's creditors, including his former wife who had obtained a decree for alimony against him. The trustees under his father's deed and said Gardner B. Perry have concurred in stating, in the form of a special case for an opinion of this court, the following question: "Should the Trustees under the deed of trust from Raphael Pumpelly, dated the 14th day of October, A. D. 1922 pay over to said Gardner B. Perry as trustee under the instrument executed by Raphael W. Pumpelly and dated the 20th day of May, A. D. 1927, all the income due or to become due or payable to said Raphael W. Pumpelly under and by virtue of said deed of trust dated the 14th day of October A. D. 1922?"

Petitioner Gardner B. Perry contends that the provision in the father's deed to trustees that income from the trust funds shall not be reached by the creditors of the beneficiary and shall not be subject to assignment or alienation is invalid.

The trust deed of the father contains a clause as follows: "After the establishment of Fund B as hereinbefore provided the trustees may, if in their discretion they deem it proper so to do, add a part of the net income of either of

said trusts to the principal thereof . . ." The trustees under said deed, relying upon said clause, contend that it is within their discretion to add all of the income from "Fund B" to the principal of said fund and, by so doing, to withhold from Raphael W. Pumpelly, the son, all income from "Fund B" and hence that he has in said trust fund no vested interest and therefore no interest which could be the subject of assignment.

If the trustees have discretion to withhold the income from the beneficiary he has no vested interest and the income can neither pass by assignment nor be reached by creditors, but said clause does not, as the trustees contend, authorize them to add all of the net income from "Fund B" to the principal. The language is "add a part of the net income of either of said trusts to the principal thereof." The trustees may add a portion but not all of the net income from "Fund B" to the principal thereof; they have no discretion to withhold the remainder from Raphael W. Pumpelly. He has a vested interest in the income remaining from "Fund B" after the trustees have deducted, should they choose to do so, such sum as they may properly deduct and add to the principal of said fund.

The case is readily distinguishable from *Thurber* v. *Thurber*, 43 R. I. 504. In that case a testatrix, in providing for a son who had been adjudged insane and committed to a hospital for the insane, devised and bequeathed a portion of her estate to trustees in trust to manage the trust estate and appropriate the income thereof, or so much as may be necessary, to the care, maintenance and support of said son during his natural life. The will expressed the testatrix's intention that the income should be used solely for the benefit of said son "and in no case for the support or benefit of any wife or child of my said son". The guardian of the son, contending that he took a vested life estate in the income of the *corpus* of the trust, demanded that the trustees pay over to said guardian all of the net income of the said trust estate, with the accumulations thereon, not appropriated as

aforesaid. It was the opinion of the court that, although the trustees did not have an uncontrolled discretion to limit the amount which they would appropriate for the use of the beneficiary, he did not have a vested interest in the whole income from the trust estate and that the guardian was not entitled to receive any part of the excess for the support of the beneficiary's wife and child. It should be observed that the trustees were directed to appropriate income to the care, etc. of the beneficiary instead of paying income over to him.

In a number, and perhaps a majority of the jurisdictions in this country, spendthrift trusts, with provisions similar to the one under consideration forbidding alienation or the taking for satisfaction of the debts of the beneficiary, have been held valid.

Such decisions proceed upon the theory that a donor or devisor has an absolute right to dispose of his property as he pleases, provided the terms are not repugnant to law, and, in so doing, to exclude all persons from the enjoyment of his property except those whom he intends to benefit. In support of this doctrine it is urged that, "inasmuch as such a gift or devise takes nothing from the prior or subsequent creditors of the beneficiary to which they previously had the right to look for payment, they can not complain that the donor has provided that the property or income shall go or be paid personally to the beneficiary and shall not be subject to the claims of creditors. 25 R. C. L. 353.

In England and in many states in this country the rule is that a vested equitable estate for life is alienable and liable in equity for the debts of the cestui que trust, notwithstanding there is an express provision in the trust instrument to the contrary, and a clause prohibiting alienation or the taking for the debts of the beneficiary is totally void, unless the trust instrument provides, in the event of an attempt to alienate or seize for debts, for a cessation of the equitable estate, or gives the income over to someone else.

The courts of this State have consistently followed the English rule and held spendthrift trusts invalid when, as in this case, upon a breach of the conditions named in the trust instrument there is no forfeiture, no limitation over, no condition of cessor and no discretion in the trustee as to the payment of the income to the *cestui que trust*. As early as *Tillinghast* v. *Bradford*, 5 R. I. 205, AMES, C. J., said: "Certainly, no man should have an estate to live on, but not an estate to pay his debts with. Certainly, property available for the purposes of pleasure or profit, should be also amenable to the demands of justice." See *Jastram* v. *McAuslan*, 26 R. I. 320. See also *Stone* v. *Westcott*, 18 R. I. 685, in which the beneficiary took no vested interest.

We think the English rule as adopted and followed by this court is more logical and more consistent with the general policy of the law. When a donor, after giving an absolute and unconditional equitable estate for life, with the incidental right to receive and enjoy the income from the trust, provides that the estate may not be assigned nor reached by the creditors of the beneficiary, the donor has parted with an absolute estate and attempted to pass a qualified one. Making no provision for forfeiture, he has parted with all interest in or control over the estate and attempted to deprive property of important incidents of ownership, *viz.*, that the property may be disposed of when and as the donee wishes and taken for the payment of his debts.

Public policy prohibits that one should have the absolute right to receive and enjoy income from a trust estate and at the same time defy his creditors; and the right of alienation is a necessary incident to an unconditional equitable estate for life. Restraints upon the right are against the policy of the law which favors the free alienation of property. 25 R. C. L. 351.

Our opinion is that the question stated by the parties should be answered in the affirmative.

The parties may submit a form for a decree in accordance with this opinion.

*Sheffield & Harvey, William R. Harvey, J. Russell Haire,* for petitioners Smyth and Russell.

*Burdick, Corcoran & Peckham, William A. Peckham,* for petitioner Perry.