No. 85-159

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

DAN H. LUNDGREN,
             Plaintiff and Respondent,

       -vs-

WILLIAM S. HOGLUND,
             Defendant.

--------------------------------------

EVERETT M. LUNDGREN,
             Plaintiff and Respondent,

       -vs-

WILLIAM S. HOGLUND,
             Defendant.

--------------------------------------

JESSE WHITNEY,
             Plaintiff and Respondent,

       -vs-

WILLIAM S. HOGLUND,
             Defendant.
       and

FIRST INTERSTATE BANK OF KALISPELL, N.A.,
             Trustee and Appellant.

---

APPEAL FROM: District Court of the Eleventh Judicial District,
             In and for the County of Flathead,
             The Honorable E. Gardner Brownlee, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

             Steven E. Cummings; Murphy, Robinson, Heckathorn and
             Phillips, Kalispell, Montana

       For Respondents:

             Randall S. Ogle, Kalispell, Montana

---

                    Submitted on Briefs: Aug. 27, 1985

                                  Decided: December 31, 1985

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

In this case we decide that spendthrift provisions in a trust are valid in Montana, and that judgment creditors of a beneficiary under a spendthrift trust may not execute upon the proceeds due from the spendthrift trust to the beneficiary before distribution by the trustee.

First Interstate Bank appeals from a judgment of the District Court, Eleventh Judicial District, Flathead County, which ordered the bank as trustee to pay to judgment creditors the income due to the beneficiary of a spendthrift trust. We reverse.

There are four issues on appeal. First, does the Bank have standing to appeal? Second, did the District Court have jurisdiction over the Bank? Third, can a judgment creditor reach income from a spendthrift trust before the income has been distributed to the beneficiary? Fourth, should the spendthrift provision be applied under the facts and circumstances of this case?

The plaintiffs-respondents in this case made unsecured loans to William S. Hoglund in 1970. William Hoglund's father, Stewart Hoglund, died testate in 1980. Four days after his father's death, William Hoglund assigned his distributive share of his father's estate to the respondents. At the same time he confessed judgment to the respondents.

Stewart Hoglund's will established a testamentary trust with a spendthrift provision. The will named First Interstate Bank as trustee. The will provided that William was to receive two-thirds of the trust income during his

life. On William's death the trust principal would be divided among Stewart's grandchildren.

By writs of execution, the respondents, as judgment creditors, attempted to levy on the trust income due to William in the hands of the trustee, prior to the time it was paid. The trustee returned the writs of execution unsatisfied saying all the money was held in a trust under a spendthrift provision.

The judgment creditors instituted supplemental proceedings and the chief trust officer of the Bank was summoned to be examined regarding the trust provision. After the hearing, the judgment creditors moved for an order directing the Bank as trustee to pay the income from the trust to the judgment creditors. The District Court entered a judgment ordering the Bank as trustee to pay all income due to William Hoglund from the trust to the judgment creditors.

The first issue on appeal is whether the First Interstate Bank has standing to appeal the order of the District Court directing it to pay the spendthrift trust income directly to the judgment creditors. The Montana Rules of Appellate Civil Procedure state:

> A party aggrieved may appeal from a judgment or order . . . in the following cases: . . . (c) From a judgment or order . . . allowing . . . the payment of a debt. Rule 1, M.R.App.Civ.P.

The respondents contend the Bank does not have standing to appeal because the Bank was neither a party nor an intervenor in the litigation below and the Bank has no individual interest in the outcome of the litigation. Although the Bank was not a party below, it is the subject of an order by the District Court directing it to pay trust income to the judgment creditors.

Non-parties are allowed to appeal if they are aggrieved by a court order. Holter v. Moore and Co. (Colo. App. 1983), 681 P.2d 962; Makani Development Co., Ltd. v. Stahl (Hawaii App. 1983), 670 P.2d 1284; Tisdale v. Wheeler Brothers Grain Co., Inc. (Okla. 1979), 599 P.2d 1104. Further, as trustee of the Stewart Hoglund trust, the Bank has a fiduciary duty to preserve and protect the trust assets. The trustee has an appealable interest where it is directed to pay trust assets to creditors even though it has no personal stake in the suit. Clay v. Hamilton (1945), 116 Ind.App. 214, 63 N.E.2d 207; Pugh v. St. Louis Police Relief Assoc. (1944), 237 Mo.App. 922, 179 S.W.2d 927; Cregg v. Electri-Craft Corp. (1944), 268 App.Div. 814, 49 N.Y.S.2d 174; Chinnis v. Cobb (1936), 210 N.C. 104, 185 S.E. 638; Knettle v. Knettle (1931), 164 Wash. 468, 3 P.2d 133.

The second issue on appeal is whether the District Court had jurisdiction over the Bank. This action began as supplemental proceedings to discover the assets of William Hoglund. The Bank contends it was not a party to the proceedings and became involved only after the District Court ordered it to pay the income of the trust in violation of the spendthrift provision. The Bank contends the validity of the spendthrift provision can be addressed only in a plenary proceeding as provided by § 25-14-104, MCA, which states:

> 25-14-104. Procedure when debt to or ownership of judgment debtor denied. If it appear that a person or corporation alleged to have property of the judgment debtor or to be indebted to him claims an interest in the property adverse to him or denies the debt, the court or judge may authorize, by an order made to that effect, the judgment creditor to institute an action against such person or corporation for the recovery of such interest or debt; and the court or judge may, by order, forbid a transfer or other disposition of such interest or debt until an action can be commenced and prosecuted to judgment. Such order may be modified

> or vacated by the judge granting the same or the
> court in which the action is brought, at any time,
> upon such terms as may be just. (Emphasis added.)

However, in this case there is no one who claims an interest in the trust adverse to the judgment debtors or denies the debt. The issue here is not whether William Hoglund owes the debts or whether the trustee has prior claim to the trust assets over the judgment creditors. The issue is the validity and effect of a spendthrift provision in a Montana trust. This is an issue of first impression.

The vast majority of states which have considered the validity of spendthrift provisions have found them valid. Nichols v. Eaton (1875), 91 U.S. 716, 1 Otto 716, 23 L.Ed.2d 254; In re Bucklin's Estate (1952), 243 Iowa 312, 51 N.W.2d 412; Preminger v. Union Bank & Trust Co. (1974), 54 Mich.App. 361, 220 N.W.2d 795; In re Heyl's Estate (1945), 352 Penn. 407, 43 A.2d 130; Huestis v. Manley (1939), 110 Vt. 413, 8 A.2d 644; Erickson v. Bank of California (1981), 28 Wash.App. 337, 623 P.2d 721. In fact only three states have found spendthrift trusts invalid. Bogert, Trusts § 222 (rev. 2d ed. 1979); Brahmey v. Rollins (1935), 87 N.H. 290, 179 A. 186; Sherrow v. Brookover (1963), 174 Ohio St. 310, 189 N.E.2d 90; Petition of Smyth (1927), 49 R.I. 27, 139 A. 657. Many other states impose statutory limits on spendthrift clauses. Bogert, Trusts § 222 (rev. 2d ed. 1979).

Spendthrift provisions in trusts are generally upheld on one of two policy grounds. First, the intention of the testator, as far as possible, should be given effect by the courts. Traditionally, a testator who gives without any pecuniary return can attach conditions to the gift during the life of the donee. "Why a parent, or one who loves another, and wishes to use his own property in securing the object of

- 5 -

his affection, as far as property can do it, from the ills of life, the vicissitudes of fortune, and even his own improvidence, or incapacity of self-protection, should not be permitted to do so, is not readily perceived." Nichols v. Eaton (1875) 91 U.S. 716, 1 Otto 716, 23 L.Ed.2d 254. A recent Washington case upheld the validity of spendthrift trusts on the grounds of freedom of alienation. "The owner and donor of the property should be free to select the trust beneficiary who will enjoy his bounty, and should be able to put enforceable provisions in the trust which will prevent his trust beneficiary from voluntarily conveying or assigning his interest, thus precluding any creditors from taking that interest away from the beneficiary." Erickson v. Bank of California (Wash. 1982), 643 P.2d 670, 672.

Second, spendthrift provisions are upheld because the creditor has no reason to rely on assets or income from a spendthrift trust. "[I]nasmuch as such a gift [in a spendthrift trust] takes nothing from the prior or subsequent creditors of the beneficiary to which they previously had the right to look for payment, they cannot complain that the donor has provided that the property or income shall go or be paid personally to the beneficiary and shall not be subject to the claims of creditors." Huestis v. Manley (Vt. 1939), 8 A.2d 644, 646.

We hold spendthrift provisions to be valid in Montana. The spendthrift provision at issue here states:

> No interest of any beneficiary of any trust created hereunder shall be subject to sale, assignment, pledge, or transfer by any beneficiary in any form or manner whatsoever, nor shall the principal of the trust or the income arising therefrom be liable for any debt of or any judgment against any beneficiary through the process of any court.

This provision makes the attempted assignment by William Hoglund invalid. However, the judgment creditors can still execute on their judgment, after the trust income has been paid to the beneficiary. Restatement of Trusts, § 152, comment j.

Respondent contends that § 72-24-210, MCA, controls here. That section states:

> 72-24-210. Profits of land liable to creditors in certain cases. When a trust is created to receive the rents and profits of real property and no valid direction for accumulation is given, the surplus of such rents and profits, beyond the sum that may be necessary for the education and support of the persons for whose benefits the trust is created, is liable to the claims of the creditors of such person in the same manner as personal property which cannot be reached by execution.

Section 72-24-210, MCA, has not been interpreted in Montana. However, in California a substantially similar statute was interpreted as a statutory limitation on the power to create spendthrift trusts. Canfield v. Security First National Bank (1939), 13 Cal.2d 1, 87 P.2d 830. In Canfield, the California court held that a judgment creditor of a beneficiary of a discretionary spendthrift trust can reach the surplus of trust income in the hands of the trustee beyond the amount necessary for the education and support of the beneficiary. The California courts developed a "station in life" test to determine the amount necessary for support: How much is necessary to maintain the beneficiary in the station in life to which he is and has been accustomed to live? In Canfield, the beneficiary argued, "every cent he received from the trust has gone for 'necessities' of life." 87 P.2d at 843. The California court held reasonable needs do not include extravagances, luxuries, expenses for lavish entertainment, nor gambling losses. But the Court stated

evidence of the cost of living, wages of servants, medical expenses, reasonable entertainment expenses and other reasonably necessary expenses is proper to fix the amount of necessities.

We have long adhered to the principle that where a sister state has a statute similar to ours, we should give consideration to the construction it received in the courts of the sister state. However, that construction is not binding upon this Court. Cahill-Mooney Const. Co. v. Ayres (1962), 140 Mont. 464, 373 P.2d 703.

In construing § 72-24-210, MCA, we begin with the plain language of the statute, "[w]hen a trust is created to receive the rents and profits of real property and no valid discretion for accumulation is given . . ." § 72-24-210, MCA. A number of states have held the language of this statute should be construed to mean what it says. Minnesota and Wisconsin courts have held statutes similar to § 72-24-210, MCA, apply only to trusts of real property. In re Schmidt's Will (Minn. 1959), 97 N.W.2d 441; In re Moulton's Estate (Minn. 1951), 46 N.W.2d 667; Erickson v. Erickson (Minn. 1936), 267 N.W. 426; Lamberton v. Pereles (Wis. 1894), 58 N.W. 776. However California and New York have held their statutes which are similar to § 72-24-210, MCA, apply to trusts of personal property as well as real property. Canfield (1939), 13 Cal.2d 1, 87 P.2d 830; Wetmore v. Wetmore (1896), 149 N.Y. 520, 44 N.E. 169. The reason for this holding is that New York has a statute which makes future, contingent personal property interests subject to all rules on real property. In re Schmidt's Will (Minn. 1959), 97 N.W.2d 441. And California followed the New York rule. Wetmore, 149 N.Y. 520, 44 N.E. 169. However, Montana does

- 8 -

not have such a statute, and we decline to follow the New York decision. Instead, we follow Minnesota and Wisconsin in construing § 72-24-210 to apply only to trusts of real property.

The second phrase of the statute requires that "no valid direction for accumulation be given." This clause was construed in In re Estate of Lawrence (1968), 267 Cal.App.2d 77, 72 Cal. Rptr. 851 to mean that no direction for unexpended portions of income is given. Thus, in order for § 72-24-210, MCA, to apply two conditions must be met: (1) there must be a trust for real property and (2) no valid direction for the accumulation of income may exist.

In the case at hand, the record shows the trust is made up of personal property and three contracts for deed, which under the doctrine of equitable conversion are personal property to the seller. In re Estate of Rickner (1974), 164 Mont. 51, 518 P.2d 1160. Thus the trust in question is entirely a trust of personal property. And the trust contains the following language:

> Any income not so distributed shall be accumulated and added to principal.

This is a valid direction for accumulation, thus § 72-24-210, MCA, does not apply to the Stewart Hoglund trust.

The fourth issue is whether the spendthrift provision should be applied under the facts and circumstances of this case. Respondents contend that they should be entitled to execute on the trust funds in the hands of the trustee because of four theories: waiver, renunciation, estoppel and equity. Respondents contend that the assignments made by William Hoglund constitute waivers of the right to receive income from his father's trust. We hold the assignments made

by William Hoglund are void under the terms of the spendthrift trust. An attempted transfer of an interest in a spendthrift trust is not binding on the trustee:

> An attempted transfer of the interest of the beneficiary under a spendthrift trust is generally treated as void, subject to the qualifications hereinafter discussed. It need not be respected by the trustee, the assignee cannot enforce it, and the beneficiary is not bound by it, although if he has received consideration for it, he may be required to make restoration to the attempted assignee. The character of the trust does not prevent the beneficiary from contracting to pay over the benefits of the trust after the beneficiary has received them.

G. Bogert, Trusts and Trustees, § 226 (2d ed. 1966).

Respondents also contend that the assignments which William Hoglund signed constituted renunciation of his interest in his father's estate pursuant to section 72-2-101, MCA. That section allows a person to renounce their interest under a testamentary or nontestamentary instrument. William Hoglund has not renounced his share of the testamentary trust under the requirements of section 72-2-101, MCA.

The assignments did not declare the renunciation nor properly describe the interest renounced. The assignments were not received by the trustee of the trust within nine months after the date of the creation of the trust. In addition, even if William Hoglund had renounced his share of the trust, the property would devolve as though he had predeceased the testator. Section 72-2-101, MCA. Thus the trust income would go to Stewart Hoglund's grandchildren not to the judgment creditors.

Next, respondents argue the Bank and William Hoglund are estopped to deny the assignments. They contend they relied on the assignments made by William Hoglund to their detriment, therefore they should be able to reach the income

of the Stewart Hoglund trust. This argument ignores the fact that the assignments were promises made by William Hoglund, not by Stewart Hoglund. Stewart Hoglund made no assignments or promises to the judgment creditors. Stewart Hoglund's testamentary intent in setting up the trust should be fulfilled. We hold the trustee and the beneficiary are not estopped to deny the assignments.

Finally, respondents contend they should be paid from the trust income because other debts were paid by the estate. The estate paid debts which Stewart personally guaranteed since they were a direct liability. Debts owed by William to the estate itself are being repaid by partial offsets against William's share of the trust income. We find that neither of these kinds of payments has any effect on the application of the spendthrift clause in this case. Debts paid by Stewart Hoglund or guaranteed by Stewart Hoglund during his lifetime are not subject to the trust with the spendthrift clause. The repayment by William Hoglund of the debt owed to the estate innures to the benefit of the grandchildren of Stewart Hoglund, and fulfills his testamentary intent. A beneficiary of a spendthrift trust may order the trustee to pay trust income to another for the benefit of the beneficiary. G. Bogert, Trusts and Trustees, § 226 (2d ed. 1966). Thus, in this case, the trust income is protected by a spendthrift clause and the judgment creditors may not reach the income until after its distribution.

We reverse the order of the District Court and remand with directions to dismiss with prejudice.

John G. Sheehy
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices