No. 88-71

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

JANEEN L. (WEDUM) BREIDENBACH,
            Plaintiff, Counterdefendant and
            Respondent,

        -vs-

JOHN RANDALL WEDUM, JOSEPH RAY WEDUM
AND SHARON L. McBRIDE,
            Defendants and Counterclaimants,
            and Appellants.
        and
THE ESTATE OF JOHN J. WEDUM, STATE
NATIONAL GUARD ASSOCIATIONS INSURANCE
TRUST, AND NATIONWIDE INSURANCE, AND
JOHN DOES 1-10,
            Defendants.

APPEAL FROM:  District Court of the First Judicial District,
              In and for the County of Lewis & Clark,
              The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Pauly & Hopgood; Peter C. Pauly, Helena, Montana

        For Respondent:

            Jackson, Murdo, Grant & Larsen, P.C.; John H. Grant,
            Helena, Montana

                                Submitted on Briefs:  Aug. 4, 1988

                                    Decided:  September 1, 1988

Filed:  SEP 1 1988

                                _Ethel M. Harrison_
    _____
                    Clerk

equally, share and share alike, in all of
his estate, wherever situated and however
comprised and however held and whether to
be designated as being distributed by
law, by devise, or by last will and
testament.

This agreement made this 9 day of March,
1987, at Helena, Montana.

This agreement was signed by John R. Wedum, Joseph R. Wedum
and Janeen L. Breidenbach. Sharon L. McBride did not sign
the agreement but apparently consented to its terms.

After the agreement was signed, the attorney for the
estate of John J. Wedum notified the various financial
institutions by letter dated March 9, 1987, that an agreement
between the "affected parties hereto" and Janeen Breidenbach
was reached which rendered the "accounts held jointly" assets
and part of the estate. The financial institutions evidently
were notified of a dispute over the intention of the parties
to the agreement because the banks would not release the
money to any of the parties. Janeen Breidenbach filed this
action to compel the release of the insurance and joint
account funds.

The District Court found the bank accounts wholly
vested in Janeen at the instant of her father's death, since
survivorship is the essential characteristic of joint tenancy
property, and also that the life insurance proceeds were
payable to Janeen at the death of her father because she was
the named beneficiary. The defendants below argued that the
agreement constituted a renunciation by Janeen of the joint
accounts and insurance proceeds, whereupon the property
became part of the estate. The District Court held, however,
that the agreement did not constitute a valid renunciation.
We agree.

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal comes from an order and judgment of the District Court of the First Judicial District, Lewis and Clark County, State of Montana, granting Janeen Breidenbach's motion for summary judgment. The parties primarily involved are the children of John J. Wedum, deceased. The dispute involves the effect of a family settlement agreement in which the signing heirs agreed to share equally their father's estate. The issue on appeal is whether the family settlement agreement constitutes a valid renunciation of insurance proceeds and a survivor's interest in joint property.

John J. Wedum died March 1, 1987. At his death, Mr. Wedum held joint tenancy accounts with his daughter Janeen Breidenbach in certain local banks and also had acquired life insurance in which he named Janeen primary beneficiary. On March 9, 1987, four of John J. Wedum's children entered into a family agreement in which the signatories would share the estate equally. John Randall Wedum, one of the children, drafted and delivered to the signatories the agreement which reads as follows:

> We, the undersigned heirs of John J. Wedum, after due consideration and review of the assets of the estate and having in mind our father's intentions to treat all of his children equally do hereby mutually agree, and the consideration for the making of the agreement is relinquishment of any objection that the undersigned would have to the disposition of his estate and to carry out his wishes and intentions evidenced by his last will and testament and his conversations with the undersigned and as evidence of our love and affections for our deceased father and each other, do hereby agree that we, his four heirs, shall share

2

Under § 72-2-101, MCA, a surviving joint owner or beneficiary under an insurance contract may renounce, in whole or in part, any interest in the property by filing a written instrument which must:

a) describe the property or interest renounced;

b) be signed by the person renouncing; and

c) declare the renunciation and the extent thereof.

The appellants argue that the agreement is not only a valid family settlement agreement but also suffices as a written renunciation of interests outside of the estate. Appellants contend the renunciation is effective by reading together the following two clauses in the agreement: "[a]nd the consideration for the making of the agreement is relinquishment of any objections that the undersigned would have to the disposition of his estate . . . " and "[i]n all of his estate, wherever situated and however comprised and however held and whether to be designated as being distributed by law, by devise, or by last will and testament."

We reject such strained construction. Our emphasis goes to the words "disposition of his estate" and "in all of his estate" in the above two quoted clauses. It is not our job to cut and paste in order to find what appellants allege was the intention of the parties. Appellants are attempting to transform an awkwardly drafted family settlement agreement into a renunciation of property interests which have already vested in the respondent, and are outside the estate. We hold that, with respect to property held outside of the estate, this agreement fails to meet the statutory requirements of § 72-2-101, MCA, and is therefore ineffective as a renunciation or relinquishment of those vested rights. We do not address the adequacy of the settlement agreement itself.

Initially, the agreement does not describe any property interests to be renounced. It merely states that the parties will relinquish their "objections . . . to the disposition of his estate." Nowhere in the agreement are joint tenancy bank accounts or life insurance proceeds mentioned. Yet, even assuming that this clause is an effective renunciation, it applies only to estate property, not to Janeen's vested personal property.

Additionally, the broad, encompassing language of "wherever situated and however comprised and however held," describes and modifies the estate property which is being equally distributed by the terms of the agreement. It would be absurd to construe this language as an expansion of the "relinquishment" clause.

Second, the agreement does not declare that it operates as a renunciation of property interests or the extent of any renunciation. Even if we assume the "relinquishment" clause is a valid renunciation, it extends only to objections to the distribution of the estate.

We have examined the effectiveness of claimed renunciations in earlier cases. In Casagranda v. Donahue (1978), 178 Mont. 479, 585 P.2d 1286, the following statement in a letter from one joint tenant to the other was claimed to be a renunciation:

> As I told you in my last letter, Mickey, your money is yours to do with what you want. I hope you don't feel an obligation to include me in your will . . .

Casagranda, 178 Mont. at 482, 585 P.2d at 1287-1288. We held that this statement was not a renunciation, stating:

> Respondent's statement in a letter expressing her appreciation for being named in a Will cannot be construed in any manner to amount to a renunciation of

5

> her interest in the bank accounts. The
> accounts are not mentioned in the letter.
> Nothing is said about the devise or from
> what source it is to be made.

Casagranda, 178 Mont. at 485, 585 P.2d at 1289.

In Lundgren v. Hoglund (Mont. 1985), 711 P.2d 809, 42 St.Rep. 2031, judgment creditors attempted to reach trust income held under a spendthrift provision by contending that assignments by the beneficiary of a portion of the inherited estate amounted to a renunciation of the trust. We held there was no renunciation, stating "[t]he assignments did not declare the renunciation nor properly describe the interest renounced." Lundgren, 711 P.2d at 814.

The fundamental rule in construing statutes is to give effect to the intention of the Legislature as expressed in the statute. In so doing, we must look to the plain language of the statute and the object sought to be accomplished. The thrust of our opinions in Casagranda and Lundgren, and what we now expressly hold, is that a renunciation of property rights or interests under § 72-2-101, MCA, must be clear and unequivocal. That clearly was the intent of the legislature in specifically requiring a written renunciation, signed by the person renouncing, that it describe the property or interest, and declare the renunciation and its extent.

In the alternative, the appellants argue the agreement is ambiguous, and therefore, parol evidence should be heard to determine the parties' intention. But upon our reasoning above, this avenue is of no assistance for if a renunciation is to be clearly and unequivocally stated in a written, signed and filed instrument, an ambiguity therein will render it ineffective as a matter of law. We find appellants' argument equally unpersuasive because they argued to the District Court that the agreement was "clear and unambiguous

6

on its face." Ambiguity or not, there is no valid renunciation. Therefore, the District Court correctly granted the motion for summary judgment.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7