MR. JUSTICE HARRISON
delivered the Opinion of the Court.
This is an appeal from the judgment of the District Court of the Fourth Judicial District of the State of Montana, County of Missoula, the Honorable John S. Henson presiding. This case involves and execution on a bank account to recover student loans under the National Direct Student Loan Program.
The appellant, Mark D. Coe, a former Montana University student, took out a series of student loans under the National Direct Student Loan Program, amounting to $6,437.30. For these loans he was required to sign, through the University, a promissory note pursuant to the National Direct Student Loan Program of the United *236 States. He defaulted on the loans and when later requested, made only one payment of $20. The University, respondent herein, brought suit and obtained a partial summary judgment in the sum of $6,437.30.
Through one of several executions, the University levied against the joint savings account of Mark Coe at the First Bank-Western Montana, Missoula. The savings account was in the name of “Tammerly or Mark D. Coe” which at the time of execution had a balance of $3,179.23. Tammerly Coe requested the Bank not to release the funds, claiming that the funds did not belong to Mark Coe, but rather belonged to her and to Jordan Coe, brother to Tammerly and Mark. Pursuant to agreement of counsel, and a stipulation filed, plus to avoid the cost of an interpleader by the bank, the funds were deposited with the District Court. A second stipulation was filed to allow intervention by Tammerly Coe and Jordan Coe.
Tammerly Coe and her brother, Jordan contend that they deposited the money in the bank and that their brother, Mark, deposited no funds whatsoever. However, one of the exhibits presented to the District Court was a copy of the signature card of the account which listed the names of Tammerly Coe or Mark D. Coe, along with their addresses, which stated that Mark was “the owner of a joint savings account with his sister.” Jordan Coe did not sign this account, nor does his name appear on the signature card though he claims he owns $2,000 of the funds in the account. Jordan alleges he gave that amount to Tammerly for safe keeping on his behalf. Tammerly claims the remainder of the funds, less the $2,000 deposited by her brother Jordan, belong to her and that Mark Coe, as previously noted, never made a deposit.
One basic issue and three sub-issues are presented for our consideration. Listed as the basic issue is:
(1) Whether the court erred declaring all the funds in a joint checking account are subject to execution on a judgment against one joint tenant.
Listed as the three sub-issues are the following:
(2) What portion of a joint checking account, if any, is subject to execution on a judgment against one who has signed a signature card?
(3) Was intent of the co-tenants of a joint checking account a factor in determining a creditor’s right to execute a judgment against one co-tenant?
*237 (4) What, if any, interests of co-tenants in a joint checking account are subject to protection?
As noted in the respondent’s brief this case is one of first impression addressing the question of whether a joint bank account is subject to execution on a judgment against only one joint depositor, and if so, to what extent. The District Court after having examined statutory case law in Montana and elsewhere, as well as the equitable arguments raised, concluded that under the present facts the entire account was subject to execution.
The appellants argue that the District Court erred for two reasons. The first reason was that the sole issue that the court was to decide, as set forth in the stipulation, was who owned the money in the account. Based upon that determination, the court was to decide what amount was subject to execution. Appellants allege the affidavit was not supposed to address the issue of intent, as counsel had stipulated. They further allege that the only issue, the only burden that these depositors had, was to show who owned the money in the account. Tammerly and Jordan submitted an affidavit that set forth whose money was in the account, which the University failed to refute.
The second reason was that appellants were never given an opportunity to argue the issue of intent. The court looked to the argument outside the stipulation of counsel, which appellants contend constituted error. They claim, under the circumstances of this case, the issue of the judgment creditor’s rights to funds in the joint account never hinged on the issue of intent.
We find the first two issues are the controlling issues in this case. These two issues can be properly restated whether this is a joint tenancy account with right of survivorship, or whether it is a tenancy in common. Both the appellants and the respondent rely on previous case law in Montana that addresses issues involving joint bank accounts regarding rights of inheritance and inheritance taxes, Malek v. Patten (Mont. 1984), [208 Mont. 237,] 678 P.2d 201, 41 St.Rep. 305; Anderson v. Baker (Mont. 1982), [196 Mont. 494,] 641 P.2d 1035, 39 St.Rep. 273; In the Matter of Sinclair (Mont. 1982), [197 Mont. 29,] 640 P.2d 918, 39 St.Rep. 331; Casagranda v. Donahue (1978), 178 Mont. 479, 585 P.2d 1286; Patterson v. Halterman (1973), 161 Mont. 278, 505 P.2d 905; State Board of Equalization v. Cole (1948), 122 Mont. 9, 195 P.2d 989; In Re Sullivan’s Estate (1941), 112 Mont. 519, 118 P.2d 383.
Appellants direct our attention to cases outside this jurisdic *238 tion, claiming this particular set of circumstances has not previously been answered by Montana case law. Purma v. Stark (1978), 225 Kan. 642, 585 P.2d 991; Walnut Valley State Bank v. Stovall (1978), 223 Kan. 459, 574 P.2d 1382; Yakima Adjustment Services v. Durand (1981), 28 Wash. App. 180, 622 P.2d 408. Appellants argue these out of state jurisdictional cases state the majority rule. We find that the Montana rule set forth in our case law as to joint tenancy and tenancy in common, represents a more reliable manner of determining questions concerning the ownership of joint accounts. As Justice Sheehy very ably noted in this Court’s opinion in Casagranda v. Donahue, supra, that rule was set forth and reiterated in Ludwig v. Montana Bank & Trust Co. (1939), 109 Mont. 477. 98 P.2d 377, wherein this Court quoted with approval from Hill v. Badeljy (1930), 107 Cal.App. 598, 290 P. 637 at 640:
“The question involved in cases of this character is the intention of the parties . . . and when such intention is evidenced by a written agreement, as was done in the case at bar, this question of intention ceases to be an issue, and the Courts are bound by the written agreement. . . Furthermore . . . parol evidence is not admissible to change the terms of the legal effect of such a written instrument where it is in no respect uncertain or ambiguous.” 98 P.2d at 389.
In our most recent case, Malek v. Patten, supra, this Court again reasserted that it “preferred” the Montana rule even though the do-nee/joint owner never signed the signature card. In Montana’s cases involving third parties, one joint owner is truly an owner with an unquestionable right to withdraw the entire funds. It is only where one joint tenant seeks to take advantage of the other without third party rights being affected, that this Court has allowed evidence beyond the joint account signature card and its legal consequences.
In the instant case such third party rights are the primary consideration and therefore no extrinsic evidence was admissible. Mark Coe, Tammerly Coe and Jordan Coe all admit in their affidavit that Mark was an owner of the joint account.
The second issue considers whether the joint account is distinguished from a traditional common law fractional share, and a creditor of one depositor can execute on the whole account. The statutes that control in this matter cover the property and ownership thereof and ownership of joint bank accounts in Montana. That section, 70-1-101, MCA, provides as follows:
“Property defined — ownership. The ownership of a thing is the right of one or more persons to possess and use it to the exclusion of *239 others. In this code, the thing of which there may be ownership is called property.”
Section 32-1-442, MCA, concerning ownership of joint bank accounts in Montana, provides in pertinent part:
“When a deposit has been made or shall hereafter be made in any bank transacting business in this state in the names of two or more persons, payable to either or the survivor, or any survivor, such deposit, or any part thereof, or any interest or dividend thereon, may be paid to any of said persons whether the other or others be living or not . . . “
Section 70-1-306, MCA, provides:
“Ownership by several persons — types. The ownership of property by several persons is either of:
“(1) joint interests;
“(2) partnership interests;
“(3) interests in common.”
As previously noted in consideration of the controlling issues in this case, numbers 1 and 2, the question is whether this is a joint account under our statutory and case law, or a tenancy in common with no survivor. This Court in Ivins v. Hardy (1947), 120 Mont. 35, 179 P.2d 745, held that a tenancy in common is created whenever the instrument bringing an estate of two or more persons into existence does not specifically state that the estate created is other than a “tenancy in common.” The facts situation concerning the signing of the signature card in Casagranda v. Donahue, supra, and the facts situation in this case are different. The card signed in the joint account in Casagranda specifically said:
“The undersigned hereby open an account in your bank as joint tenants and not as tenants in common, and, upon the death of either or any of us, all monies then in this account shall be paid to the survivor or survivors as his, her, or their individual property. All monies hereafter deposited in this account shall likewise be joint tenants and not tenants in common. You are hereby directed to honor checks or orders on this account signed by either or any of us, or survivors of either or any of us.”
Under that facts situation in Casagranda, we held that the savings account became the individual property of respondent upon the decedent’s death. Right of survivorship, which is an essential characteristic of any joint tenancy, cannot be defeated by the executrix of defendant’s estate, and any attempt to satisfy the general devises in a will.
*240 In the case at bar the signature card signed by Tammerly D. Coe or Mark D. Coe noted:
“The signature of each person authorized to sign on this account appears on the reverse side of this card and signifies agreement that the account is subject to all applicable rules of this bank now existing or hereafter adopted. I acknowledge receipt of a copy of the Bank’s Rules and Regulations Governing Bank Accounts.”
The reverse side of the signature card had the following notated at the bottom:
“The undersigned depositor, whose bank account is described on the reverse side, hereby appoints the person(s) whose specimen signature (s) appears above, agent(s) of the undersigned with respect to said bank account with the authority specified in the Bank’s posted General Rules and Regulations Governing Bank Accounts.”
We find that the major distinguishing characteristic of a joint tenancy as opposed to a tenancy in common is a right of the survivor of each of the co-tenants. We hold, under the facts of this case, that this is a tenancy in common and that the creditor, University of Montana, is entitled to one-half, not the total amount levied against the account currently being held by the Clerk of the Court of the Fourth Judicial District.
Having decided the first two issues which are controlling, it is unnecessary to consider the remaining issues presented by the respondent, that being whether appellants had failed to establish an intent not to make Mark Coe an owner and whether equitable considerations favor the appellants.
The judgment of the District Court is modified and remanded with direction to comply with the provisions of this opinion.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES SHEEHY and GULBRANDSON concur.