JUSTICE HARRISON
delivered the Opinion of the Court.
This is an appeal from the Second Judicial District Court, Silver Bow County, Montana, in which the Honorable James E. Purcell granted summary judgment in favor of Judy Lewis, respondent. Francis Seman, personal representative of Gary Seman’s estate, appeals. We affirm.
The issue presented for our review is whether a bank signature card which designates an account as “joint” creates a joint tenancy with right of survivorship or a tenancy in common.
The undisputed facts of the case at bar are as follows:
Gary Seman died intestate. Appellant, Francis Seman, was appointed personal representative of Gary Seman’s estate. Respondent, a personal friend of Gary Seman, was a co-owner and cosignatory with him on a joint savings account (the Seman/Lewis account).
Approximately five years before he died, Gary Seman added respondent’s name to his savings account. A bank representative completed a new signature card which controlled access to the account which was placed in the names of “Gary Seman or Judy Lewis.” The card indicated that the ownership of the account was “joint.” Gary Seman and respondent signed this card.
Deposition and affidavit testimony indicate that Gary Seman intended respondent to have full access to the funds in this account. Nonetheless, respondent made no deposits in or withdrawals from the account prior to Gary Seman’s death. Shortly after Gary Seman’s *510 death, respondent withdrew the balance and closed the Seman/Lewis account.
Appellant brought the initial action in district court to recover one-half of the amount contained in the Seman/Lewis account on the date of Gary Seman’s death, claiming that respondent and Gary Seman held the account as tenants in common. Finding that the parties held the account as joint tenants with right of survivorship and that the survivor was entitled to the entire balance of the account, the District Court granted summary judgment in respondent’s favor.
Appellant urges reversal of the District Court pursuant to our decision in University of Montana v. Coe (1985), 217 Mont. 234, 704 P.2d 1029, contending that Gary Seman and respondent held the funds as tenants in common, entitling appellant to at least one-half of the account balance on the date of Gary Seman’s death. We disagree.
In Coe, this Court found that a signature card designating an account as “joint” without language of survivorship created a tenancy in common. In the case at bar, the District Court, faced with an almost identical signature card, adopted the opposite result finding that the joint account was a joint tenancy with right of survivorship. Consequently, when Gary Seman died, the entire balance in the account transferred to respondent.
Coe is distinguishable. In Coe we specifically limited our holding to the facts of that case, thereby rendering it inapplicable to the case at bar. Coe, 217 Mont. at 240, 704 P.2d at 1033.
Joint bank accounts have a special attribute which allows either joint owner, by virtue of a contract with the bank, to acquire complete control over the entire account. Casagranda v. Donahue (1978), 178 Mont. 479, 483, 585 P.2d 1286, 1288. Nonetheless, the rules governing property ownership remain applicable to joint bank accounts. Casagranda, 178 Mont, at 483, 585 P.2d at 1288. If bank policy contradicts Montana law, Montana law governs.
The ownership of personal property held by more than one person is either of joint interests, partnership interests, or interests in common. Section 70-1-306, MCA. Joint interests are defined as follows:
A joint interest is one owned by several persons in equal shares by a title created by a single will or transfer, when expressly declared in the will or transfer to be a joint tenancy or when granted or devised to executors or trustees as joint tenants.
*511 Section 70-1-307, MCA. “An interest in common is one owned by several persons, not in joint ownership or partnership.” Section 70-1-313, MCA. Every interest created in favor of more than one person is an interest in common unless specifically declared to be a joint interest. Section 70-1-314, MCA.
In the case at bar, Gary Seman and respondent selected a “joint” account by marking the appropriate box on the applicable signature card. Further explanation regarding the significance of owning a joint account failed to appear on the signature card. Applying Montana’s statutory scheme regarding ownership of personal property, as set forth above, it appears that Gary Seman and respondent held this account as tenants in common because they failed to designate the account as a joint tenancy and the signature card lacked words of survivorship. However, the use of the word “joint” and nothing further, creates an uncertainty.
To clarify this uncertainty we must determine the intent of the account owners since intent is the determinative factor in this case. To create a joint tenancy with right of survivorship, the requirement is one of clear manifestation of intention, not of particular words. Hennigh v. Hennigh (1957), 131 Mont. 372, 381, 309 P.2d 1022, 1027 (quoting cases). When third party rights are involved, extrinsic evidence is inadmissible if the written agreement is certain and clear. In such cases, the intent of the parties must be gleaned from the signature card alone. Ludwig v. Montana Bank and Trust Co. (1939), 109 Mont. 477, 98 P.2d 377. In Ludwig, this Corut found:
“[WJhere such intention is evidenced by a written agreement, ... this question of intention ceases to be an issue, and the courts are bound by the written agreement.... [Pjarol evidence is not admissible to change the terms of the legal effect of such a written instrument where it is in no respect uncertain or ambiguous.” (Citing cases.)
Ludwig, 109 Mont. at 502, 98 P.2d at 389, quoting Hill v. Badeljy (Cal. 1930), 290 P. 637, 640, (followed in Coe, 217 Mont. 234, 704 P.2d 1029; Casagranda, 178 Mont. 479, 585 P.2d 1286; and State Board of Equalization v. Cole (1948), 122 Mont. 9, 195 P.2d 989).
In many prior Montana cases concerning the ownership of joint bank accounts, this Corut found it unnecessary to look beyond the signature card to determine the intent of the depositors. In these cases, the signature cards explicitly referred to the owners of the accounts as joint tenants, or they explicitly stated that any money in *512 the joint account was to be paid to either, both, or the survivor upon the other owner’s death. See Casagranda, 178 Mont. 479, 585 P.2d 1286; Malek v. Patten (1984), 208 Mont. 237, 678 P.2d 201; and Cole, 122 Mont. 9, 195 P.2d 989. As a result, we have concluded that signing a signature card containing such an agreement demonstrated intent to create a joint tenancy with rights of survivorship since intent to create a joint tenancy was clearly manifested on the face of the agreement. Casagranda, 178 Mont. at 483, 585 P.2d at 1288.
This case is different. The signature card in the case at bar provided a method for Gary Seman and respondent to choose the type of account they desired. They chose a “joint” account. In addition, the signature card reflects that the account was held in the names of “Gary Seman or Judy Lewis.” The signature card did not evidence a clear intention to create a joint tenancy. The instant case is identical to Coe without the use of extrinsic evidence.
Extrinsic evidence is only inadmissible if terms in the written agreement are uncertain and the extrinsic evidence is being presented to contradict the terms of the written agreement. Coe, 217 Mont, at 238, 704 P.2d at 1032. In Coe, extrinsic evidence was not allowed because its only possible purpose was to contradict the express terms of the agreement. The express terms of that agreement stated that Mark Coe was an owner of the account with his sister, Tammerly. To prevent a judgment creditor from levying on the funds in the account, the Coes tried to submit extrinsic evidence to prove that Mark did not own any of the funds in the account. Clearly, this evidence was intended to contradict the plain meaning of the agreement and therefore, inadmissible. Accordingly, the only proper evidence before the Court regarding intent of the parties was the signature card. Since the signature card did not clearly indicate an intent to create a joint tenancy, this Court concluded that Mark and Tammerly owned the account as tenants in common, allowing the judgment creditor to levy on Mark’s half of the account.
Coe is distinguishable; extrinsic evidence regarding intent was admissible in the instant case because respondent submitted it to supplement, rather than contradict, the uncertain terms of the signature card. Respondent did not offer this evidence to refute ownership in the account. Deposition and affidavit testimony of respondent, bank personnel, and the bank vice president was offered to indicate Gary Seman’s desire to have the funds in the Seman/Lewis account revert to respondent upon his death. This evidence merely explains *513 Gary Seman’s intent regarding the type of ownership he desired when acquiring this joint account.
As neither party has presented any disputed issues of material fact and the District Court correctly distinguished Coe from the case at bar, the court did not err in granting summary judgment in favor of respondent.
AFFIRMED.
JUSTICES HUNT, and McDONOUGH concur.